Fremont-Smith, Thayer, J.
The plaintiff, George Rutledge, in his capacity as personal representative of the estate of Charles A. Chaprales seeks (1) a declaration that real property located at 640 Arsenal Street, Watertown, Massachusetts is property of the estate; (2) an accounting for all funds collected in connection with the property; and (3) an order that all funds identified in the accounting be paid over to the estate.
The defendants, Arthur G. Chaprales and Ann M. Chaprales have moved to dismiss under Mass.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The defendants assert that under G.L.c. 215, §3, the Probate Court has jurisdiction over all matters relative to the estates of deceased persons. The defendants further assert that pursuant to G.L.c. 199, §5, this action belongs in Probate Court because it concerns a foreign estate and the plaintiffs request is for ancillary administration.
General Laws c. 215, §3 provides the Probate Court with exclusive original jurisdiction only over actions for divorce or for affirming or annulling marriage, actions concerning the execution and validity of health care proxies created under c. 20 ID and caregiver authorization affidavits created under c. 20IF, or disputes arising thereunder. Although the Probate *393 Court does have jurisdiction over matters relative to the estates of deceased persons, it is concurrent with Superior Court jurisdiction. G.L.c. 215, §6.
General Laws c. 215, §6 provides for concurrent jurisdiction with the Probate Court, the SJC, and the Superior Court of “all case and matters of equity cognizable under the general principles of equity jurisprudence,” “all cases and matters in which equitable relief is sought relative to the administration of the estate of deceased persons,” and “trusts created by will or other written instrument.”
Under G.L.c. 231A, §1, the Superior Court has jurisdiction to issue a declaratory judgment, and under c. 214, §1, the Superior Court has general equity jurisdiction to order an accounting. General Laws c. 199, §5, cited to by the defendants, is not dispositive here. This section deals with the disposition of insolvent estates of deceased non-residents and makes no reference to subject matter jurisdiction.
ORDER
This action is thus proper in Superior Court and the defendants’ Motion to Dismiss is DENIED.